```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON

CAROLYN MICHAEL,

        Plaintiff,
v.                                   Civil Action No. 2:04-0435

WYETH, LLC and PFIZER, INC.,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion to transfer this action to the United States District Court for the Northern District of West Virginia ("Northern District") and request for a hearing on the motion,[1] filed April 21, 2011. (Doc. No. 187). Plaintiff responded in opposition to the motion on May 2, 2011, to which defendants replied on May 6, 2011.

### I. Background

Plaintiff Carolyn Michael alleges that she developed breast cancer as a result of ingesting hormone replacement therapy drugs manufactured by defendants. She instituted this action on May 6, 2004, invoking the court's diversity

---

[1] Inasmuch as the court concludes that the parties' briefings adequately present the legal and factual issues discussed herein, it is ORDERED that defendants' request for a hearing be, and it hereby is, denied.

jurisdiction.  The case was transferred to multidistrict litigation ("MDL") in the United States District Court for the Eastern District of Arkansas on July 26, 2004.  Six years later, on April 13, 2010, the case was remanded to this court for the completion of discovery, pretrial activity, and trial.

Plaintiff and her husband are residents of Berkeley Springs, Berkeley County, West Virginia.  Her treating physicians are located in or around Martinsburg, West Virginia.  One of plaintiff's sisters, who was deposed in this action, lives in Martinsburg.  And a defense witness, who is one of defendants' former sales representatives, lives in Gore, Virginia, roughly 35 miles from Martinsburg.  According to defendants, the only case-specific fact witness deposed in this case not local to Martinsburg is plaintiff's sister, Susie Barker, who resides in Florida.

Defendants move to transfer this action to the Northern District, pursuant to 28 U.S.C. § 1404(a), asserting that the material evidence and case-specific fact witnesses are located primarily in the Martinsburg area and that a venue transfer will best serve the interests of justice. (Defs.' Mot. at 1).  In opposition to the motion to transfer, plaintiff contends that this district remains a proper forum and that defendants' "last

minute request" should be denied inasmuch as substantial progress has already been made in this court. (Pl.'s Opp. at 1-2).

## II. Motion to Transfer

A. Governing Standard

Section 1404(a) governs defendants' transfer request. It provides pertinently as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought.

28 U.S.C. § 1404(a). A § 1404(a) transfer is dependent upon the "weigh[ing] . . . [of] a number of case-specific factors." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Factors commonly considered include "(1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice." Landers v. Dawson Const. Plant, Ltd., 201 F.3d 426 (4th Cir. 1999) (table) (quoting Alpha Welding & Fabricating, Inc. v. Heller, 837 F. Supp. 172, 175 (S.D. W. Va. 1993)).

3

The party requesting transfer shoulders a significant burden. Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

B.   Transfer Analysis

As an initial matter, the court notes that this action could have originally been filed in the Northern District because a "substantial part of the events or omissions giving rise to the claim" occurred there. See 28 U.S.C. § 1391(a). The court thus proceeds to balance the § 1404(a) factors.

The first factor, ease of access to sources of proof, is largely neutral. Inasmuch as discovery is closed and the parties have already obtained most, if not all, of the documentary evidence they intend to use at trial, this factor does not weigh for or against transfer. See Samsung Elec. Co, Ltd., v. Rambus, Inc., 386 F. Supp. 2d 708, 716 n.11 (E.D. Va. 2008) (Payne, J.) (noting that "[t]he ease of access to sources of proof refers principally to the discovery component of litigation").

The second factor, convenience of parties and witnesses, entails two distinct considerations which the court discusses separately.  Regarding convenience of the parties, defendants' representatives are out of state and will have to travel to West Virginia regardless of the venue chosen.  And although it may have been more convenient for plaintiff, a resident of Berkeley County, to pursue this action in the Northern District, the fact that she filed suit in the Southern District and opposes the motion to transfer indicates that she finds this venue convenient.  Thus, convenience of the parties is neutral.

Regarding convenience of non-party witnesses, district courts in this circuit have recognized that "'[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.'"  <u>United Bankshares, Inc. v. St. Paul Mercury Ins. Co.</u>, No. 6:10-188, 2010 WL 4630212, at *11 (S.D. W. Va. Nov. 4, 2010) (Goodwin, C.J.) (quoting <u>Samsung</u>, 386 F. Supp. 2d at 718).  In addition, "'the moving party must demonstrate whether that witness is willing to travel to a foreign jurisdiction.'"

5

Id.  Here, defendants place great emphasis on the fact that most of plaintiff's family and all of her physicians reside in Martinsburg.  But defendants do not provide the court with any indication as to the materiality of these witness' testimony, their willingness to travel to the Southern District, the inconvenience that may result therefrom, or even which witnesses they plan on calling to testify at trial.  The court thus finds that defendants have not carried their burden of showing that the inconvenience to non-party witnesses warrants transfer to the Northern District.

The third factor, the cost of obtaining the attendance of witnesses, weighs in favor of transfer to the Northern District.  Given that many potential fact witnesses live in the Martinsburg area, which is approximately 300 miles away from Charleston, there will likely be greater travel costs for those witnesses if the trial is held in the Southern rather than Northern District.

The fourth factor, the availability of compulsory process, is neutral.  As this court has previously recognized, "reading the federal and West Virginia versions of Rule 45(b)(2) in pari materia, nonparty subpoenas may be served at any place within this state."  Williams v. PNC Bank, No. 2:09-953, 2010 WL 417424, at *4 (S.D. W. Va. Jan. 29, 2010) (Copenhaver, J.); see

6

also Fed. R. Civ. P. 45(b)(2)(C); W. Va. R. Civ. P. 45(b)(2).[2]

The sixth factor, the interest in having local controversies decided at home, is also neutral.  Whether transferred or not, this action will be tried in plaintiff's home state of West Virginia, wherein defendants are neither headquartered nor shown to maintain a principal business site.

The seventh and final factor, the interests of justice, appears to weigh in favor of retaining this action in the Southern District.  First, substantial progress has been made in this court since the case was remanded from MDL a year ago in April 2010: discovery is completed, several dispositive motions have been fully briefed and are under consideration for decision, and trial is scheduled for July 12, 2011.  In view of the substantial progress made thus far as well as the court's familiarity with this action's extensive factual and procedural background, transferring the case at this stage may create scheduling delays and result unnecessarily in a greater drain on judicial resources for the transferee court.  Second, because plaintiff's local counsel is located in Charleston, plaintiff notes that she may incur greater legal costs if this action is tried in the Northern District.  Although defendants point out

---

[2] The fifth factor, the possibility of a view, is relevant in cases where the jury may need to view a certain location in person.  It is not applicable here.

7

that plaintiff's lead counsel is located in Washington, D.C. and will have to travel to West Virginia regardless of the venue, plaintiff's motion indicates that local counsel plans on attending trial as well and costs will certainly be higher if local counsel has to travel to the Northern District. Furthermore, trying this case in the Southern District would allow plaintiff's out-of-state counsel to operate out of local counsel's office and utilize his support staff in Charleston, which is also likely to reduce legal costs for plaintiff.

### III.  Conclusion

Given the weight of the seventh factor and plaintiff's choice of forum, and considering that only the third factor weighs in defendants' favor, the court concludes that transfer sought at this late stage of the case is not warranted.  It is accordingly ORDERED, in the interests of justice, that defendants' motion to transfer be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: May 11, 2011

John T. Copenhaver, Jr.
United States District Judge